United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Markel Steven Dunn  
      Debtor

Case No. 17-14098-ref  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0313-4     User: SaraR     Page 1 of 1     Date Rcvd: Sep 06, 2017  
                    Form ID: pdf900     Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 08, 2017.  
db          +Markel Steven Dunn,    513 Ponds Edge Lane,    Allentown, PA 18104-9204

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
cr          +E-mail/PDF: gecsedi@recoverycorp.com Sep 07 2017 04:38:25     Synchrony Bank,  
           c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021  
                                                                                                                                                                                                                                                         TOTAL: 1

               ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                                                                                                                                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 08, 2017                                                        Signature:    /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 30, 2017 at the address(es) listed below:  
         CHARLES    LAPUTKA    on behalf of Debtor Markel Steven Dunn claputka@laputkalaw.com,  
          jamie@laputkalaw.com;mary@laputkalaw.com  
         DAVID ALAN EISENBERG     trustee@eisenbergpc.com,    deisenberg@ecf.epiqsystems.com  
         THOMAS I. PULEO    on behalf of Creditor    Toyota Motor Credit Corporation tpuleo@kmllawgroup.com,  
          bkgroup@kmllawgroup.com  
         United States Trustee     USTPRegion03.PH.ECF@usdoj.gov  
                                                                                                                                                                                                                                             TOTAL: 4

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                          :    Chapter 7
MARKEL STEVEN DUNN,              :    Case No. 17-14098REF
          Debtor        :

# ORDER

AND NOW, this 30 day of August, 2017, upon my consideration of Debtor's Motion For Sanctions For Violation Of Automatic Stay, and after expedited hearing held on Debtor's Motion today, during which both Debtor and Respondent, Toyota Motor Credit Corp. ("Toyota Credit"), appeared,

I hereby find that no request for return of the vehicle that was repossessed by Toyota Credit is presently before me for decision because Debtor has not made such a request, either during today's hearing[1] or in his Motion[2],

---

[1] The evidence presented during today's hearing established that Debtor purchased another vehicle shortly after the vehicle at issue was repossessed by Toyota Credit. This may explain why counsel for Debtor did not request that the vehicle be returned to Debtor during today's hearing.

[2] A review of Debtor's Motion reveals that the only relief requested is that I impose sanctions on Toyota Credit.

AND I further find that that the only issue before me for decision is whether sanctions should be granted in favor of Debtor and against Toyota Credit, and if so, the amount of sanctions that should be granted,

IT IS HEREBY ORDERED that Debtor and Toyota Credit shall filed briefs on this matter **by September 15, 2017.**

BY THE COURT

_____
RICHARD E. FEHLONG
United States Bankruptcy Judge