UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  MARKEL STEVEN DUNN,   :   Case No. 17-14098REF
Debtor                        :   Chapter 7

# **ORDER**

AND NOW, this 3 day of October, 2017, upon my consideration of the Motion for Sanctions for Violation of Automatic Stay filed by Debtor on August 25, 2017 (the "Motion"), for the alleged violation of the automatic stay by creditor Toyota/Lexus Financial Services ("Toyota") in repossessing Debtor's Land Rover, and upon the opposition of Toyota to the Motion, and upon the expedited hearing in this dispute on August 30, 2017, and upon Toyota's filing of its brief opposing the Motion for sanctions on September 12, 2017, and upon Debtor's filing of his brief supporting his Motion on September 15, 2017, this dispute is now ripe for disposition and I shall make my decision based upon the following conclusions of law and findings of fact:

1. The facts are not in dispute:

    a. June 12, 2017 - Debtor filed his initial bankruptcy petition and supporting documents on June 12, 2017, which included Debtor's statement of intentions, stating his intention relating to the debt owed to Toyota and secured by his Land

1

Rover as follows: "Retain – Debtors [sic] will continue to make payments;"

b. August 2, 2017 - The first date set for the meeting of Debtor's creditors with the Trustee, although the actual meeting took place on August 7, 2017; and

c. August 18, 2017 - Toyota repossessed Debtor's Land Rover.

2. The parties spent a great deal of time arguing the applicability of any "ride-through" of a debt secured by property of the estate.

3. Toyota cited the decision of my sister judge in the Eastern District of Pennsylvania, Jean Fitzsimon, in In re Rice, No. 06-10975, 2007 WL 781893, at *2 - *3 (Bankr. E.D. Pa., March 12, 2007), on the survival of the ride-through option after BAPCPA.

4. I will follow Judge Fitzsimon's decision in Rice - I agree that BAPCPA eliminated the ride-through option for a debtor to deal with a secured debt upon the filing of the debtor's Chapter 7 bankruptcy.

5. Debtor declared in his initial bankruptcy statement of intention, that he would handle the Toyota loan for which his Land Rover was the collateral as follows: "Retain - Debtors [sic] will continue to make payments."

6. Debtor therefore adhered to Section 521(a)(2)(A) when he declared, on the filing date, his intention to retain the Land Rover. 11 U.S.C. §521(a)(2)(A).[1]

7. I construe Debtor's statement of intent, and Toyota's precipitous action, as follows:

   a. First, Debtor complied in a timely fashion with Section 521(a)(2)(A) by filing his statement of intent;

   b. Second, he stated his intention to retain his Land Rover and make payments to Toyota;

   c. Third, the course of action through which Debtor could have fulfilled his intention in compliance with Section 521(a)(2)(A) would have been to attempt to reaffirm[2] the debt owed to Toyota secured by his Land Rover when the time arose; and

---

[1]    Section 521(a)(2)(A) states in pertinent part: "The debtor shall . . . (2)(A) within thirty days after the date of the filing of a petition . . . file with the clerk a statement of his intention with respect to the retention or surrender of [the Land Rover] and, if applicable, specifying that [the Land Rover] is claimed as exempt, that the debtor intends to redeem [the Land Rover], or that the debtor intends to reaffirm debts secured by [the Land Rover]," 11 U.S.C. §521(a)(2)(A).

[2]    Debtor's statement that he wished to retain the Land Rover negated the surrender option. And his statement that he intended to continue making payments showed no intention of the redemption option, leaving him with only reaffirmation as a viable alternative. It would have been entirely possible that Toyota might not have agreed to reaffirm the debt, in which case, Debtor would have had to look to other options. But neither Toyota nor Debtor got to that point because of Toyota's hasty action.

3

    d. Fourth, Toyota made it impossible for Debtor to "perform his intention with respect to the [Land Rover]," 11 U.S.C. §521(a)((2)(B), by repossessing it on August 18, 2017, only 16 days after the first date set for the creditors' meeting.[3]

8. Section 521(a)(6), 11 U.S.C. §521(a)(6), also applies to this dispute, but it leads to a conflict between Sections 521(a)(2)(B) and 521(a)(6).[4]

9. Debtor had until, at least, September 1, 2017 (30 days after the first date set for the creditors' meeting),[5] to reaffirm the debt secured by the Land Rover. Section 521(a)(2)(B).

10. On the other hand, Debtor may have had until September 21, 2017 (45 days after the first creditors' meeting), to enter into a reaffirmation agreement with Toyota.

---

[3]     "The Debtor shall . . . within 30 days after the first date set for the meeting of creditors under section 341(a) . . . perform his intention with respect to the [Land Rover], as specified by subparagraph (A) of this paragraph." Section 521(a)(2)(B).

[4]     Section 521(a)(6) states in pertinent part: "The debtor shall . . . (6) . . . not retain possession of [the Land Rover] . . . unless the debtor, not later than 45 days after the first meeting of creditors . . . , either (A) enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by [the Land Rover]; or (B) redeems [the Land Rover] from the security interest pursuant to section 722 . . . .. 11 U.S.C. §521(a)(6).

    Such conflicts in the Bankruptcy Code are not unusual. See, e.g., In re Clouse, 446 B.R. 690, 698 - 703 (Bankr. E.D. Pa. 2010). This conflict arises from the different deadlines established in Sections 521(a)(2)(B) and 521(a)(6) for a debtor to redeem the collateral or reaffirm the debt.

[5]     As noted in the discussion of the conflict between Sections 521(a)(2)(B) and 521(a)(6), Debtor may have had yet another 20 days – until September 21, 2017 - to act.

11. To construe Sections 521(a)(2)(B) and 521(a)(6) together requires me to compare Debtor's statement of intention with the requirements of Section 521(a)(2)(B) and 521(a)(6).

12. I conclude that Section 521(a) imposes four requirements on a debtor:

   a. A debtor must file a statement of intention within the earlier of (i) 30 days after initially filing the petition initiating a Chapter 7 bankruptcy or (ii) on or before the date of the creditors' meeting – Debtor clearly complied with this requirement by filing his statement of intention with his initial petition;

   b. A debtor must declare in the statement of intention that debtor will either retain or surrender the collateral – Debtor clearly complied with this requirement when he stated he intended to "Retain" the Land Rover;

   c. If a debtor intends to retain the collateral, that debtor must declare in the statement of intention that debtor will either redeem the collateral or reaffirm the debt owed to the creditor – Debtor complied with this requirement when he

(not clearly, but rather inartfully) stated "Debtors [sic] will continue to make payments;"[6] and

d. A debtor must formally redeem the collateral or reaffirm the debt with the creditor within 30 days of the filing of the petition or before the creditors' meeting, whichever occurs first(Section 521(a)(2)(B)) or 45 days (Section 521(a)(6)) after the first creditors' meeting – Debtor could not comply with this requirement because Toyota did not give Debtor the opportunity to redeem or reaffirm – it repossessed the Land Rover on August 18, 2017, well before the statutory deadlines.

13. If Debtor had failed to redeem the Land Rover or to reaffirm the debt owed to Toyota on or before September 1, 2017, Toyota would have been within its rights to repossess the Land Rover with no further permission of the Court pursuant to Section 362(h)(1), 11 U.S.C. §362(h)(1).[7]

---

[6] Debtor's statement that he would continue to make payments tells the world that he did not intend to surrender or redeem the Land Rover, but that he would attempt to reaffirm the debt owed to Toyota. Some of Debtor's post-petition conduct, however, is puzzling. First, he failed to make post-petition payments to Toyota on his loan. And second, he jumped immediately (prematurely?) to buy a second car after Toyota repossessed his Land Rover. I will address this conduct in more detail in the hearing that I schedule in this Order.

[7] Section 362(h)(1) states in pertinent part: "[T]he stay provided by subsection (a) is terminated with respect to [the Land Rover] . . . and [the Land Rover] shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2) – (A) to file timely any statement of

14. But Toyota acted precipitously by repossessing the Land Rover on August 18, 2017, which was well before either of the operative dates, thereby denying the Debtor his right to either redeem or reaffirm.

15. I am further guided, as always when construing the Bankruptcy Code, by the universally accepted concept that the Bankruptcy Code is intended to provide a debtor with a "fresh start," which concept requires that I give the benefit of a doubt to the debtor to enable the debtor to emerge from a bankruptcy with as much property as the Code permits him or her to retain.

16. Because Section 362(h)(1) did not provide Toyota with relief from the automatic stay, Toyota violated the automatic stay of Section 362(a).

17. On the other hand, I must consider two things:

    a. Debtor could have easily avoided this conflict by noting more precisely and clearly his intention to reaffirm his debt in the statement of intentions, which he did not do; and

---

intention required under section 521(a)(2) with respect to [the Land Rover] or to indicate in such statement that the debtor will either surrender [the Land Rover] or retain it and, if retaining [the Land Rover], either redeem [the Land Rover] . . . , [reaffirm] the debt secured by [the Land Rover] . . ..

7

    b. Toyota may have acted in a good faith belief that it could seize the Land Rover, which might limit (but not eliminate) its exposure to damages, particularly with regard to its post-repossession insistence that it acted correctly in the face of Debtor's request for the return of the Land Rover.

18. Debtor therefore created the groundwork for the dispute that followed and it might not all have been Toyota's fault.

19. As a result, I will consider the extent of Debtor's recovery (if any) by examining his role in creating the basis for the repossession and I will consider a recovery in favor of Debtor (if any) that might arise from Toyota's violation of the automatic stay.

IT IS HEREBY ORDERED that Debtor's Motion for sanctions is GRANTED.

IT IS FURTHER ORDERED that I will conduct a hearing at the following place, date, and time to determine (a) Toyota's good faith or bad faith pursuant to Section 362(k)(2), (b) Debtor's role in creating and extending this dispute, and (c) how much, if anything, should be awarded to Debtor pursuant to Sections 362(k)(1)&(2):

UNITED STATES BANKRUPTCY COURT – E.D. PA.
The Madison Building – 3d Floor
4th & Washington Streets
Reading, PA, 19601
Wednesday, October 25, 2017, at 10:00 a.m. prevailing time.

BY THE COURT

_____
RICHARD E. FEHLING
United States Bankruptcy Judge