UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
THE MADISON
400 WASHINGTON STREET
SUITE 300
READING, PA  19601

Timothy B. McGrath  
Clerk

Telephone  
(610) 208-5040

October 17, 2017

Re:   Markel Steven Dunn  
      Bankruptcy No.: 17-14098-ref

Dear Ms. Barkman:

We herewith transmit the following document(s) filed in the above matter(s), together with a certified copy of the docket entries:

(**X**) Certificate of Appeal from Order entered October 3, 2017, by the Honorable Richard E. Fehling.
Notice of appeal filing fee (**X**)paid    ( )not paid

( ) Designation of Record on Appeal Filed  
( ) Designation of Record on Appeal Not Filed

( ) Supplemental certificate of appeal.

( ) Motion for leave to appeal filed ( ).
   ( ) Answer to motion filed ( ).

( ) Proposed findings of fact and conclusions of law entered ( ) by the Honorable( ).
   ( ) Objections filed ( ).

( ) Report and recommendation entered ( ) by the Honorable ( ).

   ( ) Objections filed ( ).

( ) Original record transferred to the District Court pursuant to the order of the Honorable ( ).

( ) Other:

Kindly acknowledge receipt on the copy of the letter provided.

For the Court

Timothy B. McGrath  
Clerk

By: /s/ Sara I. Roman  
Deputy Clerk

---

Received Above material or record tile this _____ day of _____, 20____ .

Civil Action No. _____    Signature:_____

Miscellaneous No. _____    Date: _____

Assigned to Judge _____

BFL5.frm(rev 2/15)

**APPEAL, DISCHARGED**

# U.S. Bankruptcy Court
## Eastern District of Pennsylvania (Reading)
### Bankruptcy Petition #: 17−14098−ref

*Assigned to:* Judge Richard E. Fehling
Chapter 7
Voluntary
No asset

*Date filed:* 06/12/2017
*Debtor discharged:* 10/05/2017
*341 meeting:* 08/02/2017
*Deadline for filing claims (govt.):* 12/09/2017
*Deadline for objecting to discharge:* 10/01/2017
*Deadline for financial mgmt. course:* 10/01/2017

*Debtor disposition:* Standard Discharge

*Debtor*
**Markel Steven Dunn**
513 Ponds Edge Lane
Allentown, PA 18104
LEHIGH−PA
SSN / ITIN: xxx−xx−5151
*aka* **Mar Kel Steven Dunn**
*aka* **Mar'kel Steven Dunn**

represented by **CHARLES LAPUTKA**
Laputka Law Office
1344 W. Hamilton St.
Allentown, PA 18102
(610) 477−0155
Email: claputka@laputkalaw.com

*Trustee*
**DAVID ALAN EISENBERG**
David A. Eisenberg, Esquire
4167 Winchester Road
Allentown, PA 18104
(610) 437−1410

*U.S. Trustee*
**United States Trustee**
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107
(215) 597−4411

| Filing Date | # | Docket Text |
|---|---|---|
| 06/12/2017 | 1 | Chapter 7 Voluntary Petition for Individual . Fee Amount $335 Filed by Markel Steven Dunn. Government Proof of Claim Deadline: 12/9/2017. (LAPUTKA, CHARLES) (Entered: 06/12/2017) |
| 06/12/2017 | 2 | Matrix Filed. Number of pages filed: 3, Filed by CHARLES LAPUTKA on behalf of Markel Steven Dunn. (LAPUTKA, CHARLES) (Entered: 06/12/2017) |
| 06/12/2017 | 3 | Statement of Social Security Number Received. Filed by CHARLES LAPUTKA on behalf of Markel Steven Dunn. (LAPUTKA, CHARLES) (Entered: 06/12/2017) |
| 06/12/2017 | 4 | Chapter 7 Statement of Your Current Monthly Income Form 122A−1 Filed by CHARLES LAPUTKA on behalf of Markel Steven Dunn. |

| | | | |
|---|---|---|---|
| | | | (LAPUTKA, CHARLES) (Entered: 06/12/2017) |
| 06/12/2017 | | 5 | Certificate of Credit Counseling Filed by CHARLES LAPUTKA on behalf of Markel Steven Dunn. (LAPUTKA, CHARLES) (Entered: 06/12/2017) |
| 06/12/2017 | | 6 | Employee Income Records Filed by CHARLES LAPUTKA on behalf of Markel Steven Dunn. (LAPUTKA, CHARLES) (Entered: 06/12/2017) |
| 06/12/2017 | | 7 | Name of Trustee assigned to case: DAVID ALAN EISENBERG, Meeting of Creditors with 341(a) meeting to be held on 08/02/2017 at 10:00 AM at afc − Allentown Courthouse. Objections for Discharge due by 10/01/2017. Financial Management Course due by 10/01/2017. (Administration, Automatic) (Entered: 06/12/2017) |
| 06/12/2017 | | | Receipt of Voluntary petition (Chapter 7)(17−14098) [misc,volp7a] ( 335.00) Filing Fee. Receipt number 18884331. Fee Amount $ 335.00. (re: Doc# 1) (U.S. Treasury) (Entered: 06/12/2017) |
| 06/13/2017 | | 8 | Notice of Meeting of Creditors. Request submitted to BNC for mailing (related document(s) 7 ). (P., Cathy) (Entered: 06/13/2017) |
| 06/13/2017 | | 9 | Notice of Appearance and Request for Notice Filed by Synchrony Bank. (Smith, Valerie) (Entered: 06/13/2017) |
| 06/15/2017 | | 10 | BNC Certificate of Mailing − Meeting of Creditors. Number of Notices Mailed: (related document(s) (Related Doc # 8)). No. of Notices: 12. Notice Date 06/15/2017. (Admin.) (Entered: 06/16/2017) |
| 08/02/2017 | | 11 | Debtor Education Financial Management Course Certificate Filed for Debtor. Filed by CHARLES LAPUTKA on behalf of Markel Steven Dunn. (LAPUTKA, CHARLES) (Entered: 08/02/2017) |
| 08/02/2017 | | 12 | Amended Schedule A/B Filed by CHARLES LAPUTKA on behalf of Markel Steven Dunn. (LAPUTKA, CHARLES) (Entered: 08/02/2017) |
| 08/02/2017 | | 13 | Amended Schedule C Filed by CHARLES LAPUTKA on behalf of Markel Steven Dunn. (LAPUTKA, CHARLES) (Entered: 08/02/2017) |
| 08/07/2017 | | | Meeting of Creditors Held and Concluded on: 8/7/2017. (EISENBERG, DAVID) (Entered: 08/07/2017) |
| 08/07/2017 | | | Chapter 7 Trustee's Report of No Distribution: having been appointed trustee of the estate of the above−named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above−named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 2 months. Assets Abandoned (without deducting any secured claims): $ 7584.00, Assets Exempt: $ 12301.73, Claims Scheduled: $ 132808.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 132808.00. Filed by DAVID ALAN |

| | | | |
|---|---|---|---|
| | | | EISENBERG. (EISENBERG, DAVID) (Entered: 08/07/2017) |
| 08/25/2017 | | 14 | Motion For Sanctions for Violation of the Automatic Stay *by Toyota/Lexus Financial Services* Filed by Markel Steven Dunn Represented by CHARLES LAPUTKA (Counsel). (Attachments: # 1 Proposed Order # 2 Exhibit A # 3 Service List) (LAPUTKA, CHARLES) (Entered: 08/25/2017) |
| 08/25/2017 | | 15 | Motion to Expedite Hearing (related documents Motion for Sanctions for Violation of the Automatic Stay) Filed by Markel Steven Dunn Represented by CHARLES LAPUTKA (Counsel) (related document(s)14). (Attachments: # 1 Service List # 2 Motion for Sanctions) (LAPUTKA, CHARLES) (Entered: 08/25/2017) |
| 08/28/2017 | | 16 | Exhibit *A to Motion for Expedited Hearing* Filed by CHARLES LAPUTKA on behalf of Markel Steven Dunn (related document(s)15). (LAPUTKA, CHARLES) (Entered: 08/28/2017) |
| 08/28/2017 | | 17 | Proposed Order Re: *Motion to Expedite Hearing* Filed by CHARLES LAPUTKA on behalf of Markel Steven Dunn (related document(s)15). (LAPUTKA, CHARLES) (Entered: 08/28/2017) |
| 08/28/2017 | | 18 | Certificate of Service *of the Motion for Expedited Hearing & Motion for Sanctions for Violation of Automatic Stay* Filed by CHARLES LAPUTKA on behalf of Markel Steven Dunn (related document(s)14, 15). (Attachments: # 1 Exhibit) (LAPUTKA, CHARLES) (Entered: 08/28/2017) |
| 08/28/2017 | | 19 | Order Setting 15 Expedited Hearing to Consider 14 Motion For Sanctions for Violation of the Automatic Stay by Toyota/Lexus Financial Services Filed by Markel Steven Dunn Represented by CHARLES LAPUTKA. Hearing scheduled 8/30/2017 at 01:30 PM at mad − Courtroom 1, Third Floor (Reading Court). (R., Sara) (Entered: 08/28/2017) |
| 08/30/2017 | | 20 | Notice of Appearance and Request for Notice by THOMAS I. PULEO Filed by THOMAS I. PULEO on behalf of Toyota Motor Credit Corporation. (PULEO, THOMAS) (Entered: 08/30/2017) |
| 08/30/2017 | | 21 | Hearing Held on Expedited Hearing on Motion For Sanctions for Violation of the Automatic Stay by Toyota/Lexus Financial Services Filed by Markel Steven Dunn Represented by CHARLES LAPUTKA. (related document(s)14) Matter Taken Under Advisement. (R., Sara) (Entered: 08/30/2017) |
| 08/30/2017 | | 22 | Order Entered re: Motion For Sanctions for Violation of the Automatic Stay by Toyota/Lexus Financial Services Filed by Markel Steven Dunn Represented by CHARLES LAPUTKAthat. IT IS HEREBY ORDERED that Debtor and Toyota Credit shall file briefs on this matter by September 15, 2017. (related document(s)14). (R., Sara) Additional attachment(s) added on 8/31/2017 (R., Sara). (Entered: 08/30/2017) |
| 08/30/2017 | | 23 | ***SEE ENTRY #26 FOR COMPLETE AUDIO PORTION OF HEARING***PDF with attached Audio File. Court Date & Time [ 8/30/2017 11:28:23 AM ]. File Size [ 1776 KB ]. Run Time [ 00:07:24 ]. (cspeak). ***This entry has been Modified on 8/31/2017 by (B., Keith).*** (Entered: 08/30/2017) |
| 08/30/2017 | | 24 | |

| Date | | Doc # | Description |
|---|---|---|---|
| | | | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 19)). No. of Notices: 1. Notice Date 08/30/2017. (Admin.) (Entered: 08/31/2017) |
| 08/30/2017 | | 26 | PDF with attached Audio File. Court Date & Time [ 8/30/2017 01:37:00 PM ]. File Size [ 11141 KB ]. Run Time [ 00:47:32 ]. (cspeak). (Entered: 08/31/2017) |
| 08/31/2017 | | 25 | Corrective Entry re: Order Entered on Motion For Sanctions for Violation of the Automatic Stay by Toyota/Lexus Financial Services. (related document(s)22). **modified to attach the PDF Document** (R., Sara) (Entered: 08/31/2017) |
| 08/31/2017 | | | Corrective Entry re: PDF with Attached Audio. *Added the wording − ***SEE ENTRY #26 FOR COMPLETE AUDIO PORTION OF HEARING*** as audio included in entry originally only included a portion of the hearing. (related document(s)23). (B., Keith) (Entered: 08/31/2017) |
| 09/08/2017 | | 27 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 22)). No. of Notices: 1. Notice Date 09/08/2017. (Admin.) (Entered: 09/09/2017) |
| 09/12/2017 | | 28 | Brief *OF RESPONDENT, TOYOTA MOTOR CREDIT CORP., CONTRA DEBTOR'S MOTION FOR SANCTIONS FOR VIOLATION OF AUTOMATIC STAY* Filed by THOMAS I. PULEO on behalf of Toyota Motor Credit Corporation (related document(s)14). (Attachments: # 1 Service List) (PULEO, THOMAS) (Entered: 09/12/2017) |
| 09/15/2017 | | 29 | Brief *in Support of Motion for Sanctions* Filed by CHARLES LAPUTKA on behalf of Markel Steven Dunn (related document(s)14, 22). (Attachments: # 1 Exhibit Invoice) (LAPUTKA, CHARLES) (Entered: 09/15/2017) |
| 10/03/2017 | | 30 | Order Granting Motion For Sanctions for Violation of the Automatic Stay by Toyota/Lexus Financial Services Filed by Markel Steven Dunn Represented by CHARLES LAPUTKA. FURTHER ORDERED that a hearing will be conducted to determine (a) Toyotas good faith or bad faith pursuant to Section 362(k)(2), (b) Debtors role in creating and extending this dispute, and (c) how much, if anything, should be awarded to Debtor pursuant to Sections 362(k)(1)&(2): Hearing scheduled 10/25/2017 at 10:00 AM at mad − Courtroom 1, Third Floor (Reading Court). (R., Sara) (Entered: 10/03/2017) |
| 10/05/2017 | | 31 | Order Discharging Debtor (Admin.) (Entered: 10/05/2017) |
| 10/05/2017 | | 32 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 30)). No. of Notices: 1. Notice Date 10/05/2017. (Admin.) (Entered: 10/06/2017) |
| 10/08/2017 | | 33 | BNC Certificate of Mailing − Order of Discharge. Number of Notices Mailed: (related document(s) (Related Doc # 31)). No. of Notices: 14. Notice Date 10/08/2017. (Admin.) (Entered: 10/09/2017) |
| 10/16/2017 | | 34 | Notice of Appeal to District Court. . Fee Amount $298.00 Filed by Toyota Motor Credit Corporation (related document(s)30). Appellant Designation due by 10/30/2017. Transmission of record on appeal to District Court Due Date:11/13/2017. (Attachments: # 1 Service List)(PULEO, |

| | | | |
|---|---|---|---|
| | | | THOMAS) (Entered: 10/16/2017) |
| 10/16/2017 | | | Receipt of Notice of Appeal(17−14098−ref) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number 19354972. Fee Amount $ 298.00. (re: Doc# 34) (U.S. Treasury) (Entered: 10/16/2017) |
| 10/17/2017 | | 35 | Court's Certificate of Mailing re: Notice of Appeal to District Court Filed by Toyota Motor Credit Corporation. Number of notices: 7. Copies to the Honorable Richard E. Fehling. Electronic Service to Charles Laputka − Atty for Debtor, David Eisenberg − Ch. 7 Trustee, US Trustee, and District Court. Mailed copies to: Markel Steven Dunn − Debtor and Synchrony Bank. Service made 10/17/2017 by the Court. (related document(s)34). (R., Sara) (Entered: 10/17/2017) |

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  MARKEL STEVEN DUNN,          :    Case No. 17-14098REF
Debtor                               :    Chapter 7

# ORDER

AND NOW, this 3 day of October, 2017, upon my consideration of the Motion for Sanctions for Violation of Automatic Stay filed by Debtor on August 25, 2017 (the "Motion"), for the alleged violation of the automatic stay by creditor Toyota/Lexus Financial Services ("Toyota") in repossessing Debtor's Land Rover, and upon the opposition of Toyota to the Motion, and upon the expedited hearing in this dispute on August 30, 2017, and upon Toyota's filing of its brief opposing the Motion for sanctions on September 12, 2017, and upon Debtor's filing of his brief supporting his Motion on September 15, 2017, this dispute is now ripe for disposition and I shall make my decision based upon the following conclusions of law and findings of fact:

1. The facts are not in dispute:

    a. June 12, 2017 - Debtor filed his initial bankruptcy petition and supporting documents on June 12, 2017, which included Debtor's statement of intentions, stating his intention relating to the debt owed to Toyota and secured by his Land

1

6

  Rover as follows: "Retain – Debtors [sic] will continue to make payments;"

 b. August 2, 2017 - The first date set for the meeting of Debtor's creditors with the Trustee, although the actual meeting took place on August 7, 2017; and

 c. August 18, 2017 - Toyota repossessed Debtor's Land Rover.

2. The parties spent a great deal of time arguing the applicability of any "ride-through" of a debt secured by property of the estate.

3. Toyota cited the decision of my sister judge in the Eastern District of Pennsylvania, Jean Fitzsimon, in In re Rice, No. 06-10975, 2007 WL 781893, at *2 - *3 (Bankr. E.D. Pa., March 12, 2007), on the survival of the ride-through option after BAPCPA.

4. I will follow Judge Fitzsimon's decision in Rice - I agree that BAPCPA eliminated the ride-through option for a debtor to deal with a secured debt upon the filing of the debtor's Chapter 7 bankruptcy.

5. Debtor declared in his initial bankruptcy statement of intention, that he would handle the Toyota loan for which his Land Rover was the collateral as follows: "Retain - Debtors [sic] will continue to make payments."

6. Debtor therefore adhered to Section 521(a)(2)(A) when he declared, on the filing date, his intention to retain the Land Rover. 11 U.S.C. §521(a)(2)(A).[1]

7. I construe Debtor's statement of intent, and Toyota's precipitous action, as follows:

   a. First, Debtor complied in a timely fashion with Section 521(a)(2)(A) by filing his statement of intent;

   b. Second, he stated his intention to retain his Land Rover and make payments to Toyota;

   c. Third, the course of action through which Debtor could have fulfilled his intention in compliance with Section 521(a)(2)(A) would have been to attempt to reaffirm[2] the debt owed to Toyota secured by his Land Rover when the time arose; and

---

[1] Section 521(a)(2)(A) states in pertinent part: "The debtor shall . . . (2)(A) within thirty days after the date of the filing of a petition . . . file with the clerk a statement of his intention with respect to the retention or surrender of [the Land Rover] and, if applicable, specifying that [the Land Rover] is claimed as exempt, that the debtor intends to redeem [the Land Rover], or that the debtor intends to reaffirm debts secured by [the Land Rover]," 11 U.S.C. §521(a)(2)(A).

[2] Debtor's statement that he wished to retain the Land Rover negated the surrender option. And his statement that he intended to continue making payments showed no intention of the redemption option, leaving him with only reaffirmation as a viable alternative. It would have been entirely possible that Toyota might not have agreed to reaffirm the debt, in which case, Debtor would have had to look to other options. But neither Toyota nor Debtor got to that point because of Toyota's hasty action.

    d. Fourth, Toyota made it impossible for Debtor to "perform his intention with respect to the [Land Rover]," 11 U.S.C. §521(a)((2)(B), by repossessing it on August 18, 2017, only 16 days after the first date set for the creditors' meeting.[3]

8. Section 521(a)(6), 11 U.S.C. §521(a)(6), also applies to this dispute, but it leads to a conflict between Sections 521(a)(2)(B) and 521(a)(6).[4]

9. Debtor had until, at least, September 1, 2017 (30 days after the first date set for the creditors' meeting),[5] to reaffirm the debt secured by the Land Rover. Section 521(a)(2)(B).

10. On the other hand, Debtor may have had until September 21, 2017 (45 days after the first creditors' meeting), to enter into a reaffirmation agreement with Toyota.

---

[3]     "The Debtor shall . . . within 30 days after the first date set for the meeting of creditors under section 341(a) . . . perform his intention with respect to the [Land Rover], as specified by subparagraph (A) of this paragraph." Section 521(a)(2)(B).

[4]     Section 521(a)(6) states in pertinent part: "The debtor shall . . . (6) . . . not retain possession of [the Land Rover] . . . unless the debtor, not later than 45 days after the first meeting of creditors . . . , either (A) enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by [the Land Rover]; or (B) redeems [the Land Rover] from the security interest pursuant to section 722 . . . .. 11 U.S.C. §521(a)(6).

    Such conflicts in the Bankruptcy Code are not unusual. See, e.g., In re Clouse, 446 B.R. 690, 698 - 703 (Bankr. E.D. Pa. 2010). This conflict arises from the different deadlines established in Sections 521(a)(2)(B) and 521(a)(6) for a debtor to redeem the collateral or reaffirm the debt.

[5]     As noted in the discussion of the conflict between Sections 521(a)(2)(B) and 521(a)(6), Debtor may have had yet another 20 days – until September 21, 2017 - to act.

4

11. To construe Sections 521(a)(2)(B) and 521(a)(6) together requires me to compare Debtor's statement of intention with the requirements of Section 521(a)(2)(B) and 521(a)(6).

12. I conclude that Section 521(a) imposes four requirements on a debtor:

   a. A debtor must file a statement of intention within the earlier of (i) 30 days after initially filing the petition initiating a Chapter 7 bankruptcy or (ii) on or before the date of the creditors' meeting – Debtor clearly complied with this requirement by filing his statement of intention with his initial petition;

   b. A debtor must declare in the statement of intention that debtor will either retain or surrender the collateral – Debtor clearly complied with this requirement when he stated he intended to "Retain" the Land Rover;

   c. If a debtor intends to retain the collateral, that debtor must declare in the statement of intention that debtor will either redeem the collateral or reaffirm the debt owed to the creditor – Debtor complied with this requirement when he

5

(not clearly, but rather inartfully) stated "Debtors [sic] will continue to make payments;"[6] and

d. A debtor must formally redeem the collateral or reaffirm the debt with the creditor within 30 days of the filing of the petition or before the creditors' meeting, whichever occurs first(Section 521(a)(2)(B)) or 45 days (Section 521(a)(6)) after the first creditors' meeting – Debtor could not comply with this requirement because Toyota did not give Debtor the opportunity to redeem or reaffirm – it repossessed the Land Rover on August 18, 2017, well before the statutory deadlines.

13. If Debtor had failed to redeem the Land Rover or to reaffirm the debt owed to Toyota on or before September 1, 2017, Toyota would have been within its rights to repossess the Land Rover with no further permission of the Court pursuant to Section 362(h)(1), 11 U.S.C. §362(h)(1).[7]

---

[6] Debtor's statement that he would continue to make payments tells the world that he did not intend to surrender or redeem the Land Rover, but that he would attempt to reaffirm the debt owed to Toyota. Some of Debtor's post-petition conduct, however, is puzzling. First, he failed to make post-petition payments to Toyota on his loan. And second, he jumped immediately (prematurely?) to buy a second car after Toyota repossessed his Land Rover. I will address this conduct in more detail in the hearing that I schedule in this Order.

[7] Section 362(h)(1) states in pertinent part: "[T]he stay provided by subsection (a) is terminated with respect to [the Land Rover] . . . and [the Land Rover] shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2) – (A) to file timely any statement of

6

14. But Toyota acted precipitously by repossessing the Land Rover on August 18, 2017, which was well before either of the operative dates, thereby denying the Debtor his right to either redeem or reaffirm.

15. I am further guided, as always when construing the Bankruptcy Code, by the universally accepted concept that the Bankruptcy Code is intended to provide a debtor with a "fresh start," which concept requires that I give the benefit of a doubt to the debtor to enable the debtor to emerge from a bankruptcy with as much property as the Code permits him or her to retain.

16. Because Section 362(h)(1) did not provide Toyota with relief from the automatic stay, Toyota violated the automatic stay of Section 362(a).

17. On the other hand, I must consider two things:

    a. Debtor could have easily avoided this conflict by noting more precisely and clearly his intention to reaffirm his debt in the statement of intentions, which he did not do; and

---

intention required under section 521(a)(2) with respect to [the Land Rover] or to indicate in such statement that the debtor will either surrender [the Land Rover] or retain it and, if retaining [the Land Rover], either redeem [the Land Rover] . . . , [reaffirm] the debt secured by [the Land Rover] . . . .

7

  b. Toyota may have acted in a good faith belief that it could seize the Land Rover, which might limit (but not eliminate) its exposure to damages, particularly with regard to its post-repossession insistence that it acted correctly in the face of Debtor's request for the return of the Land Rover.

18. Debtor therefore created the groundwork for the dispute that followed and it might not all have been Toyota's fault.

19. As a result, I will consider the extent of Debtor's recovery (if any) by examining his role in creating the basis for the repossession and I will consider a recovery in favor of Debtor (if any) that might arise from Toyota's violation of the automatic stay.

IT IS HEREBY ORDERED that Debtor's Motion for sanctions is GRANTED.

IT IS FURTHER ORDERED that I will conduct a hearing at the following place, date, and time to determine (a) Toyota's good faith or bad faith pursuant to Section 362(k)(2), (b) Debtor's role in creating and extending this dispute, and (c) how much, if anything, should be awarded to Debtor pursuant to Sections 362(k)(1)&(2):

8

13

UNITED STATES BANKRUPTCY COURT – E.D. PA.
The Madison Building – 3d Floor
4th & Washington Streets
Reading, PA, 19601
Wednesday, October 25, 2017, at 10:00 a.m. prevailing time.

BY THE COURT

_____
RICHARD E. FEHLING
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:  MARKEL STEVEN DUNN,<br>*Debtor* | Chapter 7 |
| MARKEL STEVEN DUNN,<br>*Movant*<br>v.<br>TOYOTA MOTOR CREDIT CORP.,<br>*Respondent* | Bankruptcy No. 17-14098-REF |

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

**Part 1:  Identify the appellant(s)**

1. Name(s) of appellant(s):

   Toyota Motor Credit Corp.

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.

   [ ] Plaintiff
   [ ] Defendant
   [ ] Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.

   [ ] Debtor
   [x] Creditor
   [ ] Trustee
   [ ] Other (describe) _____

**Part 2:  Identify the subject of this appeal**

1. Describe the judgment, order, or decree appealed from:

   Order granting Debtor's Motion for Sanctions for Violation of Automatic Stay

2. State the date on which the judgment, order, or decree was entered:  October 3, 2017

15

**Part 3: Identify the other parties to the appeal**

    1. Party: <u>Markel Steven Dunn (Debtor)</u>    Attorney: <u>Charles Laputka, Esquire</u>
                                                                                                  <u>1334 W. Hamilton Street</u>
                                                                                          <u>Allentown, PA 18102</u>
                                                                                          <u>(610) 477-0155</u>

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

    [ ] Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

<u>/s/ Thomas I. Puleo</u>                                      Date: <u>October 16, 2017</u>
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

Thomas I. Puleo, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106
(610) 825-6309

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

16

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: Markel Steven Dunn aka Mar Kel Steven Dunn aka Mar'kel Steven Dunn**<br>　　　　　　　　　　**Debtor(s)** | **BK NO. 17-14098 REF**<br><br>**Chapter 7** |
| **Toyota Motor Credit Corporation**<br>　　　　　　　　**Movant**<br>　　　　　　vs.<br><br>**Markel Steven Dunn aka Mar Kel Steven Dunn aka Mar'kel Steven Dunn**<br>　　　　　　　　　　**Debtor(s)**<br><br>**David Alan Eisenberg Esq.**,<br>**Trustee** | **Related to Docket No. 30** |

### CERTIFICATE OF SERVICE OF
### NOTICE OF APPEAL AND STATEMENT OF ELECTION

I, Thomas I. Puleo, of KML Law Group, P.C., certify that I am, and at all times hereinafter mentioned was, more than 18 years of age and that on <u>October 16, 2017</u>, I served the above captioned pleading, filed in the proceeding on the parties at the addresses shown below;

<u>Debtor(s)</u>
Markel Steven Dunn aka Mar Kel Steven Dunn
aka Mar'kel Steven Dunn
513 Ponds Edge Lane
Allentown, PA 18104

<u>Attorney for Debtor(s)</u>
Charles Laputka, Esq.
1344 W. Hamilton Street
Allentown, PA 18102

<u>Trustee</u>
David Alan Eisenberg Esq.
4167 Winchester Road
Allentown, PA 18104

Method of Service:  electronic means or first class mail

Dated: <u>October 16, 2017</u>

　　　　　　　　　　　　　　　　　　　　　　<u>**/s/ Thomas I. Puleo, Esquire**</u>
　　　　　　　　　　　　　　　　　　　　　　　Thomas I. Puleo, Esquire
　　　　　　　　　　　　　　　　　　　　　　　Matteo S. Weiner, Esquire
　　　　　　　　　　　　　　　　　　　　　　　KML Law Group, P.C.
　　　　　　　　　　　　　　　　　　　　　　　BNY Mellon Independence Center
　　　　　　　　　　　　　　　　　　　　　　　701 Market Street, Suite 5000
　　　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA  19106
　　　　　　　　　　　　　　　　　　　　　　　215-627-1322