UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: MARKEL STEVEN DUNN,<br>　　　　　Debtor. | Civil No. 5:17-cv-04683<br><br>Bankruptcy No. 17-14098REF |
| TOYOTA MOTOR CREDIT CORP.,<br>　　　　　Appellant,<br><br>v.<br><br>MARKEL STEVEN DUNN,<br>　　　　　Appellee. | |

FILED JUL 24 2018

## ORDER

**AND NOW**, this 24th day of July, 2018, for the reasons set forth in the Opinion issued this date, **IT IS HEREBY ORDERED THAT:**

1. The Bankruptcy Court's Order dated October 3, 2017, granting the Motion for Sanctions is **AFFIRMED**; and

2. This case is **CLOSED**.

BY THE COURT:

JOSEPH F. LEESON, JR.
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: MARKEL STEVEN DUNN,<br>Debtor. | Civil No. 5:17-cv-04683<br><br>Bankruptcy No. 17-14098REF |
| TOYOTA MOTOR CREDIT CORP.,<br>Appellant,<br><br>v.<br><br>MARKEL STEVEN DUNN,<br>Appellee. | FILED JUL 24 2018 |

OPINION

Joseph F. Leeson, Jr.                                                                                                                                                                                             July 24, 2018
United States District Judge

**I.    INTRODUCTION**

Before this Court is an appeal by Appellant-Creditor, Toyota Motor Credit, from the Order of the United States Bankruptcy Court for the Eastern District of Pennsylvania dated October 3, 2017. In that Order, the Bankruptcy Court granted the Motion for Sanctions for Violation of Automatic Stay filed by Appellee-Debtor, Markel Steven Dunn, because Toyota repossessed Dunn's vehicle prior to the expiration of time for Dunn to reaffirm the debt. Because this Court agrees with the Bankruptcy Court that Toyota wrongfully repossessed the Land Rover only sixteen days into the thirty days allotted to Dunn to perform his stated intention, the Bankruptcy Court's Order is affirmed.

**II.    BACKGROUND**

The personal property at issue is a Toyota Land Rover, which acts as collateral for a loan from Toyota to Dunn. *See* Order of Oct. 3, 2017, ¶ 1(a), ECF No. 2-1.

On June 12, 2017, Dunn filed his initial bankruptcy petition under Chapter 7. *Id.*; Petition, ECF No. 2-2. Along with that petition, he filed a statement of intention, which indicated that his intent with respect to the Land Rover was to "Retain – Debtors [sic] will continue to make payments." *Id.*; Stmt Intention, ECF No. 2-2. The Bankruptcy Court found that Dunn's statement: "will continue to make payments" meant he wanted to retain the Land Rover and would attempt to reaffirm the debt. *See* Order of Oct. 3, 2017, ¶ 7(c) n.2, ¶ 12(c) n.6. The court, guided by the "fresh start" the Bankruptcy Code is intended to provide a debtor, reasoned that the language constituted a reaffirmation because it did not sound in either surrender or redemption. *See id.* and ¶ 15.

The first date for the meeting of creditors was set for August 2, 2017. *See* Order of Oct. 3, 2017, ¶ 1(b). Sixteen days after that date, on August 18, 2017, Toyota repossessed the Land Rover. *Id.* ¶ 1(c). Dunn moved for sanctions against Toyota for violation of the automatic stay. *Id.* at 1; 11 U.S.C. § 362(a). The Bankruptcy Court found that Dunn timely complied with § 521(a)(2)(A) and could have fulfilled his intention to reaffirm in compliance with § 521(a)(2)(B), but Toyota made it impossible by repossessing the Land Rover only sixteen days later. *Id.* ¶¶ 7(a)-(d), 9-10.[1] The court concluded that § 362(h)(1) did not provide Toyota relief from the automatic stay and, therefore, Toyota was not within its rights to repossess the vehicle on August 18, 2017. *Id.* ¶¶ 7(c)-(d), 14, 16.

Toyota appeals the Order for sanctions entered against it. On appeal, Toyota argues, *inter alia*, Dunn did not timely file a statement of intention with respect to the Land Rover

---

[1] The Bankruptcy Court references a "conflict" between 11 U.S.C. § 521(a)(2)(B), which requires performance of the stated intent within thirty days of the creditors' meeting, and § 521(a)(6), which requires performance of the same within forty-five days of the creditors' meeting. *See* Order of Oct. 3, 2017, ¶¶ 9-10. However, because Toyota repossessed the Land Rover before the expiration of both the thirty-day and forty-five-day periods for performance of Dunn's intention, the conflict is not pertinent to this appeal.

because his statement that he "will continue to make payments" did not indicate either an intent to redeem or to reaffirm the debt. Toyota asserts, instead, Dunn elected the "ride-through" option, but that option was eliminated by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23. Accordingly, Toyota contends that Dunn failed to timely file the required statement of intention and that the automatic stay had terminated pursuant to 11 U.S.C. § 362(h).

### III.    STANDARD OF REVIEW

On appeal, a district court reviews a bankruptcy court's findings of fact applying a "clearly erroneous" standard of review. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). A district court reviews the bankruptcy court's legal determinations de novo. *See Sovereign Bank v. Schwab*, 414 F.3d 450, 452 (3d Cir. 2005); *J.P. Fyfe, Inc. v. Bradco Supply Corp.*, 891 F.2d 66, 69 (3d Cir. 1989).

### IV.    APPLICABLE LAW

#### A.    Statement of Intention, 11 U.S.C. § 521(a)(2)

Title 11 of the United States Code sets forth the procedure for filing bankruptcy. *See generally* 11 U.S.C. §§ 101-1532. Specifically, § 521 of Title 11 provides the "Debtor's duties" with respect to filing for bankruptcy. *See id.* § 521.

When an individual files for bankruptcy and his or her "schedule of assets and liabilities includes debts which are secured by property of the estate . . . [,]" a debtor must take action to file a "statement of intention" with respect to the secured property. 11 U.S.C. § 521(a)(2)(A). The debtor has "thirty days after the date of the filing of the petition under chapter 7 . . . or on or before the date of the meeting of the creditors, whichever is earlier . . ." to file his statement of intention. *Id.* The statement must specify the debtor's "intention with respect to the retention or

surrender of such property and, if applicable, specify[] that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property . . . ." *Id.*

After an individual states his intention, he then must, "within 30 days after the first date set for the meeting of creditors . . . perform his intention with respect to such property . . . ." *Id.* § 521(a)(2)(B). Accordingly, the Bankruptcy Court correctly concluded that § 521(a)(2)(A) and (B) requires four actions: (1) a debtor must timely file the statement of intention, (2) a debtor must declare that he intends to retain or surrender the collateral, (3) a debtor must, if he chooses to retain the collateral, indicate his intent to either redeem[2] the collateral or to reaffirm[3] the debt,[4] and (4) a debtor must timely perform the action indicated in his statement of intention. *See* Order of Oct. 3, 2017, ¶ 12.

Prior to the BAPCPA amendments in 2005, § 521(a)(2)(C)[5] stated that "nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or trustee's rights with regard to such property under this title." *In re Ertha Rice*, No. 06-10975, 2007 WL 781893, at *2 (Bankr. E.D. Pa. Mar. 12, 2007) (citing *In re Price*, 370 F.3d at 372). With the BAPCPA, the phrase "except as provided in [§] 362(h)" was added to that same language. *Id.* (citing 11 U.S.C. § 521(a)(2)[B]).

---

[2] A debtor may decide to redeem the collateral by "paying the secured lender the lesser of the fair market value of its collateral or the amount of the claim on the date the petition is filed." *In re Taylor*, 3 F.3d 1512, 1514 n.2 (11th Cir. 1993).

[3] When a debtor reaffirms a debt, he enters into an agreement with the creditor that reattaches personal liability for the debt should the sale of the collateral not satisfy the outstanding debt in the instance of default. *See In re Parker*, 139 F.3d 668, 671 (9th Cir. 1998).

[4] There is a third option discussed in the case law where a debtor can claim an asset to be exempt pursuant to 11 U.S.C. § 522(b)(2). However, because Dunn has not claimed the property in question as exempt, there is no need for the Court to discuss this option.

[5] Section 521(a)(2)(C) was re-codified with the BAPCPA amendments as an extra paragraph under § 521(a)(2)(B).

### B.    Automatic Stay, 11 U.S.C. § 362

The automatic stay provisions of the Bankruptcy Code provide that the filing of a petition for bankruptcy "operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. . . ." 11 U.S.C. § 362(a)(3). Section 362(h) provides that the automatic stay is terminated if the debtor fails, within the applicable time:

> (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and
>
> (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

*Id.* § 362(h).

### V.    ANALYSIS

#### A.    **The parties do not dispute that the BAPCPA amendments in 2005 eliminated the ride-through option.**

Prior to the BAPCPA amendments in 2005, the Third Circuit Court of Appeals recognized the propriety of the ride-through option for a debt in a bankruptcy matter. *See In re Price*, 370 F.3d 362, 376-77 (3d Cir. 2004). A ride-through was an option apart from the reaffirmation and redemption options by which the debtor could avoid re-attaching the personal liability required by a reaffirmation agreement by continuing to make regular payments on a secured asset. *Id.* The court had determined that "the statutory language of [§] 521 on its own . . . does not limit a debtor's substantive retention options to the three stated therein." *Id.* The court

found crucial the language of § 521(a)(2)(C), which had stated "nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or trustee's rights with regard to such property under this title." *See id.* at 372.

Although the Third Circuit Court of Appeals has not addressed the propriety of the ride-through after the BAPCPA amendments, the United States Bankruptcy Court for the Eastern District of Pennsylvania previously determined that the ride-through option is no longer a proper means of retaining collateral. *See In re Rice*, No. 06-10975, 2007 WL 781893, at *4 (Bankr. E.D. Pa. Mar. 12, 2007) (holding that "Congress intended to and did succeed in eliminating the ride-through option to a debtor's treatment of her secured collateral by adding § 362(h) to the Code and referencing it in § 521(a)(2)"). Other circuit courts have also determined that the BAPCPA eliminated the ride-through option. *See, e.g. In re Jones*, 591 F.3d 308, 311 (4th Cir. 2010) ("Therefore, BAPCPA amended Title 11 to eliminate the ride-through option . . . ."); *In re Dumont*, 581 F.3d 1104, 1112 (9th Cir. 2009) (concluding that "ride-through is not available to all"). Additionally, a number of circuits held, even prior to the BAPCPA amendments, that ride-through was not an option.[6]

Here, the Bankruptcy Court, following the court's decision in *In re Rice* concluded that the BAPCPA eliminated the ride-through option. Neither party disputes this determination, nor is it necessary for this Court to decide the issue because regardless of whether the ride-through option remains viable, Toyota violated the automatic stay by not waiting until thirty days after the date set for the creditors' meeting before repossessing Dunn's vehicle.

---

[6] *See In re Burr*, 160 F.3d 843, 847 (1st Cir. 1998) (rejecting the claim that § 521 "contemplates retention options other than those specified in the statute"); *Matter of Johnson*, 89 F.3d 249, 252 (5th Cir. 1996) ("This court adopts the reasoning of the Eleventh Circuit in *Taylor*, and holds that the debtors are limited to the three options set forth in the statute."); *In re Taylor*, 3 F.3d 1512, 1517 (11th Cir. 1993) (holding § 521 "does not permit a Chapter 7 debtor to retain the collateral property without either redeeming the property or reaffirming the debt").

**B. The automatic stay did not terminate under § 362(h)(1) until at least September 1, 2017, and Toyota's repossession of Dunn's Land Rover on August 18, 2017, violated the stay.**

Toyota argues that the automatic stay was terminated on July 13, 2017, thirty days after the bankruptcy petition was filed, because Dunn's statement of intention failed to indicate whether he intended to redeem or to reaffirm the debt as required by § 362(h)(1)(A). The Bankruptcy Court disagreed and found that Dunn complied with this requirement. *See* Order of Oct. 3, 2017, ¶ 12(c). The court construed Dunn's statement under the limited options available after the BAPCPA amendments as evidencing no intent to redeem, leaving only reaffirmation.

Regardless of whether this finding was clearly erroneous, because Toyota had to wait until at least thirty days after the date set for the creditors' meeting, until September 1, 2017, before it could repossess the Land Rover, the Bankruptcy Court correctly concluded that Toyota violated the stay on August 18, 2017. For reference, § 362(h)(1) provides:

> . . . the stay . . . is terminated . . . if the debtor fails within the applicable time set by section 521(a)(2) . . .
>
> (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; ***and***
>
> (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

11 U.S.C. § 362(h)(1) (emphasis added). Several courts have considered whether the conjunction "and," which joins provisions (A) and (B), means that (1) the debtor must comply with both subsections in order to benefit from the protection of the automatic stay, or that (2) the

debtor must fail to comply with both subsections in order to lose the protection of the automatic stay. The courts have reached different conclusions. *Compare, e.g. In re McMullen*, 443 B.R. 67, 72 (Bankr. E.D.N.C. 2010) (holding that "a debtor must comply with both (A) and (B), otherwise the stay is terminated"), *with In re Norton*, 347 B.R. 291, 297 (Bankr. E.D. Tenn. 2006) (holding that "subsections (A) and (B) of § 362(h)(1) are in the conjunctive, thus requiring that both subsections (A) and (B) of § 521(a)(2) be met prior to termination of the automatic stay").

This Court finds that the reading of the conjunctive "and" to require two actions before the stay is terminated to be consistent with a plain reading of the statute[7] and with the "fresh start"[8] meant for bankruptcy petitioners. The decision of the United States Bankruptcy Court for the District of Delaware in *In re Miller* supports this determination. *See In re Miller* 443 B.R. 54, 58 (Bankr. D. Del. 2011) (holding, "section 362(h) provides that the stay will be terminated and the collateral will no longer be property of the estate if the debtor fails *to file and to perform* a statement of intention to surrender, to redeem, to reaffirm or, in the case of leased property, to assume the unexpired lease"). The language in § 362(h)(1)(B) explaining that the statement of intention "may be amended before expiration of the period for taking action," 11 U.S.C. § 362(h)(1)(B), also supports this interpretation. *See also* Fed. Bank. R. 1009(b) ("The statement of intention may be amended by the debtor at any time before the expiration of the period provided in § 521(a) of the Code [11 USCS § 521(a)].").

---

[7]  *See Ransom v. FIA Card Servs., N.A.*, 562 U.S. 61, 69 (2011) (holding that a court's "interpretation of the Bankruptcy Code starts where all such inquiries must begin: with the language of the statute itself) (internal quotations omitted)).

[8]  *See Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1758 (2018) ("One of the main purpose[s] of the federal bankruptcy system is to aid the unfortunate debtor by giving him a fresh start in life, free from debts, except of a certain character." (internal quotations omitted)).

However, this Court need not decide whether the statute is conjunctive because even if § 362(h)(1) does not require two actions, the stay is not terminated until thirty days after the date set for the creditors' meeting. In *In re Mollison*, the court found that the statute was not conjunctive, "agree[ing] with the *In re McMullen* court's conclusion that either the failure to properly file the Statement of Intent or to perform according to a properly-filed Statement of Intent will trigger the termination of the Automatic Stay under § 362(h)(1)." *Ostrander v. Source One Fin. Corp. (In re Mollison)*, 463 B.R. 169, 181 (Bankr. D. Mass. 2012) (citing *In re McMullen*, 443 B.R. 67). Nevertheless, the court believed that subsections (A) and (B) of § 362(h)(1) are ambiguous regarding the time when the automatic stay terminates, and it therefore adopted the later date (30 days after the first date set for the meeting of creditors) as being "most consistent with both the purpose of § 362(h)(1) and the long-standing purposes of and practices under the Bankruptcy Code as a whole." *In re Mollison*, 463 B.R. at 180 ("Accordingly, this Court holds that, where a debtor fails to file (or file properly) a Statement of Intent or fails to perform according to his or her stated intent, the Automatic Stay will not terminate and personal property will not be removed from the bankruptcy estate pursuant to § 362(h)(1) until the expiration of 30 days after the first date set for the 341 Meeting."). In *In re Stephens*, the court "align[ed] itself with the conclusion reached in *Mollison* that a debtor's failure to properly file a statement of intention or to perform according to a properly filed statement of intention will trigger termination of the automatic stay, but that the automatic stay does not terminate by operation of § 362(h) until 30 days after the first meeting of creditors takes place." *In re Stephens*, No. 09-62630, 2013 Bankr. LEXIS 1202, at *24-25 (Bankr. N.D.N.Y. Mar. 28, 2013). It clarified, however, that unlike the *Mollison* court, it did not find § 362(h)(1) to be ambiguous; rather, it concluded that the second deadline in § 362 "is decisive[,] avoids undesired outcomes,

gives meaning to the context of the of the statute as a whole rather than particular phrases in isolation, does not render § 362(h)(1)(B) meaningless, and leaves the chapter 7 trustee's time-honored § 704 duties intact." *Id.* After consideration, this Court concludes that the operative date for termination of the stay under § 362(h)(1) is thirty days after the date set for the creditors' meeting.

Consequently, regardless of whether subsections (A) and (B) of § 362(h)(1) should be read in the conjunctive, the automatic stay did not terminate in the instant action until at least September 1, 2017, thirty days after the first date set for the creditors' meeting. Toyota repossessed Dunn's Land Rover on August 18, 2017. The automatic stay had not yet terminated, and Toyota therefore violated the stay. The Bankruptcy Court's Order dated October 3, 2017, is affirmed.

## VI. CONCLUSION

Because Toyota repossessed Dunn's vehicle prior to the termination of the stay under § 362(h)(1), it violated the bankruptcy stay. Accordingly, this Court affirms the Bankruptcy Court's Order of October 3, 2017, granting Dunn's Motion for Sanctions.

A separate Order follows.

BY THE COURT:

JOSEPH F. LEESON, JR.
United States District Judge